UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 11-60670-CIV-MARRA/JOHNSON

PLATINUM ESTATES, INC.,
and, OPMONIES 2, LLC,

    Plaintiffs,

vs.

TD BANK, N.A.,

    Defendant,
_____/

**OPINION AND ORDER ON DEFENDANT'S MOTION TO DISMISS**

THIS CAUSE is before the Court upon Defendant TD Bank, N.A.'s Motion to Dismiss (DE 12). The motion is now fully briefed and is ripe for review. The Court has carefully considered the motion and is otherwise fully advised in the premises.

### I. Background[1]

This matter arises out Defendant TD Bank, N.A.'s ("TD Bank") alleged involvement in the ponzi scheme orchestrated by Scott W. Rothstein ("Rothstein"). Plaintiffs Platinum Estates, Inc. ("Platinum") and Opmonies 2, LLC ("Opmonies") are both Florida corporations formed to manage various investments. Complaint at ¶ 1-2. TD Bank is a Maine corporation wholly owned by a parent corporation based in Toronto, Canada, which transacts its business through various offices located throughout Florida, including one in Weston, Florida. Complaint at ¶ 3.

The ponzi scheme in question involved Rothstein soliciting investors, such as Plaintiffs, to invest in purported confidential structured settlements arising out of claims of sexual

---

[1] The facts are taken from Plaintiffs' Complaint and are assumed true for the purposes of Defendant's Motion to Dismiss.

harassment and whistleblower actions.  Complaint at ¶ 10.  The United States ultimately indicted Rothstein on charges of racketeering, money laundering, mail fraud, and wire fraud, alleging that Rothstein's law firm, Rothstein Rosenfeldt and Adler, P.A., was a criminal enterprise.  Complaint at ¶ 15-16.  The indictment alleged that Rothstein regularly told investors that his law firm's trust accounts were "maintained with a well-established international banking institution," referring to Defendant TD Bank.  Complaint at ¶ 18.  Rothstein ultimately pled guilty to the aforementioned charges and in the subsequent restitution proceedings, the United States determined that Plaintiffs were victims of Rothstein's scheme.  Complaint at ¶ 19-20.  The United States fully allowed Plaintiffs' claim in the amount of $593,750.00. Complaint at ¶ 21.

Through their Complaint (DE 1) Plaintiffs' allege Negligent Misrepresentation (Count I), Aiding and Abetting (Count II), and Equitable Indemnification (Count III).[2]

## II.  Legal Standard

Rule 8(a) of the Federal Rules of Civil Procedure requires "a short and plain statement of the claims" that "will give the defendant fair notice of what the plaintiff's claim is and the ground upon which it rests."  The Supreme Court has held that "[w]hile a complaint attacked by a Rule 12(b) (6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do.  Factual allegations must be enough to raise a right to relief above the speculative level." Bell Atlantic Corp. v. Twombly,

---

[2] The Complaint originally alleged violations of the Racketeering Influenced and Corrupt Organization Act, 18 U.S.C. § 1961, et seq. (RICO), under §§ 1962(a)-(c) (Count IV).  On December 30, 2011, the parties' filed a Stipulation to Dismiss Plaintiffs' RICO Claim (Count 4)With Prejudice (DE 30), which the Court granted on January 3, 2012 (DE 31).

550 U.S. 544, 555 (2007) (internal citations omitted).

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009) (quotations and citations omitted).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id.  Thus, "only a complaint that states a plausible claim for relief survives a motion to dismiss." Id. at 1950.  When considering a motion to dismiss, the Court must accept all of the plaintiff's allegations as true in determining whether a plaintiff has stated a claim for which relief could be granted.  Hishon v. King & Spalding, 467 U.S. 69, 73 (1984).

For allegations of fraud or mistake, the heightened pleading requirements of Federal Rule of Civil Procedure 9(b) apply.  That rule provides that "In alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake. Malice, intent, knowledge, and other conditions of a person's mind may be alleged generally."  The Eleventh Circuit has held that:

> Rule 9(b) is satisfied if the complaint sets forth "(1) precisely what statements were made in what documents or oral representations or what omissions were made, and (2) the time and place of each such statement and the person responsible for making (or, in the case of omissions, not making) same, and (3) the content of such statements and the manner in which they misled the plaintiff, and (4) what the defendants obtained as a consequence of the fraud."

Ziemba v. Cascade Intern., Inc., 256 F.3d 1194, 1202 (11th Cir. 2001) (quoting Brooks v. Blue Cross and Blue Shield of Florida, Inc., 116 F.3d 1364, 1371 (11th Cir. 1997)).  In short, "under Rule 9(b) a plaintiff must plead the who, what, when, where, and how of the allegedly false

3

statements." Begualg Inv. Management Inc. v. Four Seasons Hotel Ltd., 2011 WL 4434891, * 2 (S.D. Fla. 2011) (quoting Mizzaro v. Home Depot, Inc., 544 F.3d 1230, 1237 (11th Cir. 2008)).

### III.  Discussion

*A.  Count I - Negligent Misrepresentation*

Defendant raises two challenges to the sufficiency of Plaintiffs' claim of negligent misrepresentation: (1) failure to plead justifiable reliance; and (2) lack of particularity.  The Court finds both of these challenges to be without merit.

To succeed in a negligent misrepresentation claim under Florida law, a plaintiff must establish five elements:

> (1) the Defendant made a statement concerning a material fact defendant believed to be true but which was in fact false; (2) the Defendant was negligent in making the statement because Defendant should have known the statement was false; (3) in making the statement, the Defendant intended or expected that another would rely on the statement; (4) the Claimant justifiably relied on the false statement; (5) the Claimant suffered loss, injury or damage as a result.

Hill v. Celebrity Cruises, Inc., Case No. 09-CIV-23815, 2011 WL 5360247, *3 (S.D. Fla. Nov. 7, 2011) (citing Standard Jury Instructions-Civil Cases, 777 So. 2d 378, 381 (Fla. 2000)).

Here, Defendant challenges only the fourth element, asserting that Plaintiffs failed to allege a justifiable reliance in their Complaint.  "Under Florida law, even though justifiable reliance is required, a recipient of information does not have to investigate every piece of information furnished, but instead is responsible for investigating that information which 'a reasonable person in the position of the recipient would be expected to investigate.' " Speciality Marine & Industrial Supplies, Inc. v. Venus, 66 So. 3d 306, 311 (Fla. 1st DCA 2011) (quoting Gilchrist Timber Co. v. ITT Rayonier, Inc., 696 So. 2d 334, 339 (Fla. 1997)).  A Plaintiff must

4

prove, however, that the alleged misrepresentation induced them to act a certain way and that such an inducement was reasonable.  See Goldin v. Salomon Smith Barney, Inc., 994 So. 2d 517, 520 (Fla. 3d DCA 2008).

Through their Complaint, Plaintiffs allege that "Defendant intended Plaintiffs to rely upon its misrepresentations," Complaint at ¶ 53 (emphasis added), and "Plaintiffs relied on Defendant's misrepresentations [and omissions] and engaged in the Transactions based upon the misrepresentations and Plaintiffs would not have engaged in the Transactions had he known the truth."  Complaint at ¶ 54.  The Court finds that these two statements adequately plead "justifiable reliance" as required by Florida law.  The Court will not dismiss an action simply because Plaintiffs fail to use "magic words" when the pleading is otherwise sufficient.  See Cabrera v. Martin, 973 F.2d 735, 745 (9th Cir. 1992) ("We therefore find no reason to reverse the district court on the grounds that the appellees failed to plead § 1983 as a basis of their complaint or because they failed to use the magic words 'under color of state law' . . .")  However, in an abundance of caution, the Court will grant Plaintiffs' request to amend their Complaint to include the word "justifiable."

Defendant also alleges that Plaintiff has failed to meet the heightened pleading requirements of Rule 9(b).  After carefully reviewing the Complaint, the Court finds that Plaintiffs' claim for negligent misrepresentation satisfies the heightened pleading requirements of Rule 9(b).  Plaintiffs expressly allege that Frank Spinosa ("Spinosa"), TD Bank's Vice President of Operations, misrepresented TD Bank's verification of the ultimately fictitious plaintiffs that were the source of funding for the structured settlements at the heart of Rothstein's ponzi scheme.  Complaint at ¶ 35-41.  Plaintiffs assert the date (September 24, 2009), method of

communication (telephone), and specific content of the conversation between Spinosa and Plaintiffs' representatives. Complaint at ¶ 35-41. Plaintiffs also allege specific quotations advanced by Spinosa intended on assuring Plaintiffs' representatives of the validity of Rothstein's ultimately illegitimate scheme. Complaint at ¶ 39-41. These allegations are sufficient to avoid dismissal at this stage of the proceedings.

*B. Count II - Aiding and Abetting*

Defendants next seek to challenge the sufficiency of Plaintiffs' claim that TD Bank aided and abetted fraud.[3] To state a cause of action for aiding and abetting fraud, a plaintiff must allege "(1) there existed an underlying fraud; (2) the defendant had knowledge of the fraud; and (3) the defendant provided substantial assistance to advance the commission of the fraud." ZP No. 54 Ltd. Partnership v. Fidelity and Deposit Co. of Maryland, 917 So. 2d 368, 372 (Fla. 5th DCA 2005).

The Court first finds Count II fails under the knowledge prong of aiding and abetting fraud. "In cases where a bank customer has perpetrated a fraudulent scheme, courts have widely held that the bank is not liable for aiding and abetting unless the bank has actual knowledge of its customer's wrongful activity." Groom v. Bank of America, No. 8:08-cv-2567-JDW-EAJ, 2012 WL 50250, at *2-*3 (M.D. Fla. Jan. 9 2012) (emphasis supplied) (citing Lawrence v. Bank of

---

[3] The Court notes that it is unclear whether aiding and abetting fraud exists as a cause of action in Florida. Tippens v. Round Island Plantation L.L.C., 2009 WL 2365347, * 5 (S.D. Fla. 2009). However, despite its uncertain status, various Florida courts have nonetheless assessed the sufficiency of a claim for aiding and abetting fraud through an application of the test articulated by the Florida Fifth District Court of Appeal in ZP No. 54 Ltd. Partnership v. Fidelity and Deposit Co. of Maryland, 917 So. 2d 368, 372 (Fla. 5th DCA 2005). See e.g., Hines v. FiServ, Inc., 2010 WL 1249838, * 4 (M.D. Fla. 2010), and Tippens, 2009 WL 2365347, * 5 (S.D. Fla. 2009).

America, N.A., No. 8:09-cv-2162-T-33TGW, 2010 WL 3467501, at *3 (M.D. Fla. 2010); Hines v. FiServe, Inc., No. 8:08-cv-2569-T-30AEP, 2010 WL 1249838, at *4 (M.D. Fla. 2010); MKSMK Inv. Co. v. JP Morgan Chase & Co., 431 F. App'x 17, 19 (2d Cir. 2011); Rosner v. Bank of China, 349 F. App'x 637, 638-40 (2d Cir. 2009)).  "Conclusory statement[s] that a defendant 'actually knew' [is] insufficient to support an aiding and abetting claim where the facts in the complaint only suggest[] that the defendant 'should have known that something was amiss.' " Groom, 2012 WL 50250 at *3 (citing Rosner, 349 F. App'x at 639).  Here, the Court finds that the Complaint fails to include sufficient facts which would support a finding of actual knowledge, only facts that support an insufficient finding that Defendant "should have known" about the alleged fraud.  Accordingly, Count II fails for failing to satisfy the actual knowledge requirement of aiding and abetting fraud.

To refute this deficiency, Plaintiff states:

> In Court Appointed Receiver of Lancer Offshore Ltd. v. Citco Group, Ltd., Case No. 05-60080-CIV-MARRA, 2008 U.S. Dist LEXIS 25740 at *49-50 (S.D. Fla. 2008), the Court denied defendants' motion to dismiss an aiding and abetting claim and held that liability could be asserted under "a lesser degree of scienter when defendant has a duty to disclose" its "red flags."  The Court found the complaint properly pled the substantial assistance element of an aiding and abetting claim because plaintiff alleged that defendants ignored "red flags." Id.

Plaintiff's Response at 12.  The Court finds Citco to be inapplicable.  Citco dealt with a claim for aiding and abetting a breach of a fiduciary duty, not, as pled here by Plaintiff, a claim for aiding and abetting fraud.  Further, the "lesser degree of scienter" referred to in the Citco Order was applied in the context of the "substantial assistance" prong for a claim of aiding and abetting a breach of a fiduciary duty, not the knowledge requirement for aiding and abetting fraud, which the Court has already determined requires actual knowledge.

7

A proper application of Citco to the facts presently before the Court reveals that Count II also fails under the "substantial assistance" prong of aiding and abetting fraud. As discussed in Citco:

> Underlying the "substantial assistance" prong is a single scienter requirement that varies on a sliding scale from "recklessness" to "conscious intent." Abbott v. Equity Group, Inc., 2 F.3d 613, 621 (5th Cir. 1993). **When no duty of disclosure is alleged**, an alleged aider-abettor may be found liable only if scienter of the high "conscious intent" variety can be shown. Woodward v. Metro Bank of Dallas, 522 F.2d 84, 97 (5th Cir. 1975). If it is alleged that a defendant has a duty to disclose, liability could be imposed if he acts with a lesser degree of scienter. Woods v. Barnett Bank of Ft. Lauderdale, 765 F.2d 1004, 1010 (11th Cir. 1985). When an allegation combines inaction with affirmative assistance, the degree of knowledge required depends upon how ordinary the assisting activity is in the involved businesses. Id.

2008 U.S. Dist. LEXIS 25740 at *48 (emphasis supplied). Similar to the Complaint in Citco, the Court, "[o]n its own review . . . could not find an allegation against [defendant] regarding a duty to disclose." Citco, 2008 U.S. Dist. LEXIS 25740 at *49. The Court further finds that, as with Citco, Plaintiff has failed to allege sufficiently the requisite degree of scienter, because "red flags or aroused suspicions do not constitute actual awareness of one's role in a fraudulent scheme." Id. at *49-50 (citing Bruhl v. Price Waterhousecoopers Int'l, 2007 U.S. Dist. LEXIS 21955, 2007 WL 983263, at *10 (S.D. Fla. 2007)). Consequently, Count II also fails under the substantial assistance prong of aiding and abetting fraud.

Plaintiff has failed to adequately plead a claim for aiding and abetting fraud. Accordingly, Defendant's Motion to Dismiss this claim is **GRANTED**. Plaintiff may replead this claim to remedy the deficiencies outlined above.

C.  *Count III - Equitable Indemnification*

The elements of a claim of indemnity under Florida law are: (1) the party seeking the

8

indemnity must be without fault; (2) the party from whom indemnity is sought must be vicarious and solely based on the wrong of another; (3) the party from whom indemnity is sought must be at fault; and (4) there must be a "special relationship" between the two parties. Mendez-Garcia v. Galaxie Corp., 2011 WL 5358658, *5 (M.D. Fla. 2011) (citing Dade Cnty. Sch. Bd. V. Radio Station WQBA, 731 So. 2d 638, 642 (Fla. 1999)).  Here, Defendant asserts that Plaintiff's indemnity claim should be dismissed due to the lack of existence of a "special relationship" between the parties.

The Court finds the unpublished decision in Arnold M. Ganz Residual Trust v. Growthink Securities, Inc., 2010 WL 146847 (S.D. Fla. 2010), to be persuasive here.  In that case, the plaintiff alleged to have relied on a business plan prepared by defendant that contained material misrepresentations, causing the plaintiff to purchase shares in a company. See id. at *1. In dismissing the claim, the court noted:

> Ganz argues that the amended counterclaim fails to allege the existence of a special relationship between Growthink and Ganz.  The court agrees.  The amended counterclaim alleges no facts demonstrating that Ganz owed a duty to Growthink under a contract or warranty, nor does it allege that an implied duty existed between the parties.  Indeed, the amended counterclaim fails to allege any relationship or contacts whatsoever between Ganz and Growthink, let alone a special relationship establishing vicarious, constructive, derivative, or technical liability.  "Florida law is clear that in the absence of a contract, duty to pay, or other special relationship between the parties, an indemnity claim should be dismissed." See Kesslack, 2009 WL 3161808, at *2 (citing Brickell Biscayne Corp. v. WPL Assoc., Inc., 671 So.2d 247, 248–49) (Fla. 3d. DCA 1996)). Accordingly, the court will grant Ganz's motion to dismiss the indemnity claim without prejudice, giving Growthink leave to replead its claim by amending the complaint to allege specific facts supportive of a special relationship as defined by Florida law.  See Teitel v. Hilton Gardens Inn, 2009 WL 2913454, at * 1 (M.D. Fla. Sept.8, 2009) (dismissing indemnification claim for failure to allege a special relationship); Zurich Am. Ins. Co. v. Hi–Mar Speciality Chems., LLC, 2009 WL 1851124,* 3 (S.D. Fla. June 29, 2009) (same).

Id. at *2. Although this matter is distinguishable from Ganz because here Plaintiff did allege direct contact with Defendant via its conversation with Spinosa, the Court does not find this distinction to be material.

Plaintiff relies on two cases to support the proposition that when a party undertakes to disclose information, it cannot omit any material information. See Plaintiff's Response at 13-14. The Court rejects this contention. Such a holding would effectively eliminate the requirement of a special relationship in an indemnification claim. Accordingly, Defendant's Motion to Dismiss Plaintiff's claim for equitable indemnification is **GRANTED**. Plaintiff may replead this claim to allege a special relationship between Plaintiff and Defendant.

### IV. Conclusion

For the aforementioned reasons, it is hereby **ORDERED AND ADJUDGED** that:

1. Defendant's Motion to Dismiss is **GRANTED IN PART** with regard to Counts II and III.

2. Defendant's Motion to Dismiss is **DENIED IN PART** with regard to Count I.

3. Consistent with this Order, Plaintiff is given leave to amend their Complaint to remedy the deficiencies outlined the Order.

**DONE AND ORDERED** in Chambers at West Palm Beach, Palm Beach County, Florida, this 7th day of March, 2012.

_____
KENNETH A. MARRA
United States District Judge

Copies to:
Counsel of record